COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Annunziata and
        Bumgardner

MARGARET PINGLEY ARBUCKLE
                                        MEMORANDUM OPINION[*] BY
v.   Record No. 1491-97-4              JUDGE RUDOLPH BUMGARDNER, III
                                              APRIL 28, 1998
EZRA EARL ARBUCKLE

              FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                        John R. Cullen, Judge

              (Lois G. Pearson; Pearson and Pearson, P.C.,
              on brief), for appellant.  Appellant
              submitting on brief.

              No brief or argument for appellee.


     By decree July 9, 1996, the Circuit Court of Culpeper County

granted a divorce and decreed equitable distribution of the

parties' marital property.  That order became final.  Among other

provisions, the court ordered Mrs. Arbuckle to pay $30,783.60 to

her former husband.  This represented half the value of the

marital assets retained by her less various credits created when

the court awarded possession of assets and payments of debts in

order to carry out the equitable distribution scheme.  Mr.

Arbuckle was awarded ownership and possession of a 1994 Chevrolet

Caprice valued at $11,500.  That car was titled jointly, and

there was a joint secured loan for its full value.  Because Mr.

Arbuckle was not financially responsible, the trial court ordered

the wife to pay the loan and discharge the lien.  Anticipating

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

her discharge of his half of the obligation, she was given a credit of $5,750 that reduced the actual sum she was to pay him.

Two days after the decree, Mr. Arbuckle wrecked the vehicle. It was a total loss. The insurance carrier paid the lien holder the full value of the vehicle, and the debt was canceled. Mr. Arbuckle moved for judgment against Mrs. Arbuckle for $5,750 because she would not agree that she owed that sum in addition to the amount originally set as the balance due Mr. Arbuckle. The trial court granted the motion and ordered her to pay $5,750 in addition to the original sum of $30,783.60. Mrs. Arbuckle appeals this judgment order that directed her to pay an additional $5,750. Finding no error, we affirm the trial court.

Under the carefully formulated equitable distribution decree, the wife was given a credit for her anticipated payment of her husband's half of the car loan. When the insurance company paid the loan in full, it satisfied this obligation for Mrs. Arbuckle. She had received credit for paying the loan, but she had done nothing to discharge that obligation. In addition, she was no longer obligated to make payment. By getting credit in the decree and by getting the benefit of the insurance carrier's payment of the debt, she received $5,750 more than she was entitled to receive under the equitable distribution decree.

The action of the trial court was proper and necessary to adjust the award in light of the events that had occurred after its entry. The trial court's action was not an improper modification of a final award, but was rather a proper adjustment

- 2 -

necessary to carry out that which had been decreed previously. If the court had not modified its first order, Mrs. Arbuckle would have received the benefit twice. Having acquired jurisdiction, a court of equity may go on to establish rights and grant remedies. Erlich v. Hendrick Constr. Co., 217 Va. 108, 225 S.E.2d 665 (1976). We find that the decree of the trial court properly adapted the equitable distribution decree, and we affirm the decision.

Affirmed.